UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDELL BINION,

       Plaintiff,

v.

       Case No. 07-13443
       Honorable David M. Lawson
       Magistrate Judge Michael J. Hluchaniuk

ALEX GLOVER, SHERRY BURT,
JOHN OCWIEJA, PATRICIA CARUSO,
DR. MIDDLEBROOK, and KIDNEY
REPLACEMENT SERVICES,

       Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, OVERRULING DEFENDANTS' OBJECTIONS
TO REPORT AND RECOMMENDATION, DENYING
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT,
AND CONTINUING ORDER OF REFERENCE**

The matter is before the Court on the defendants' objections to the report and recommendation filed by Magistrate Judge Michael J. Hluchaniuk recommending that the a motion for summary judgment filed by defendants Burt, Ocwieja, and Caruso be denied. The Court entered a general order of reference to conduct all pretrial matters, after which these defendants – all employees of the Michigan Department of Corrections – filed their motion. Judge Hluchaniuk filed his report on July 28, 2009, and these defendants filed timely objections. The matter is before the Court for a *de novo* review. The other set of defendants - employees of Kidney Replacement Services - have not objected to the report and recommendation, although the time for doing so has expired.

The magistrate judge thoroughly summarized the facts of the case, to which none of the parties objected. The Court need not replicate that effort. It is enough to note that the complaint

alleges that the plaintiff is a prisoner at the Southern Michigan Correctional Facility (JMF) in Jackson, Michigan, and had a prison job there in the dialysis services center operated by defendant Kidney Replacement Services. He says that in October 2006, he was emptying a waste paper basket when his arm was stuck with a dirty needle that had been improperly deposited there instead of in the "sharps" container. The needle was discarded, the plaintiff did not receive medical attention that one might expect after exposure to biohazardous material, and the needle itself was never tested.

The plaintiff filed a complaint alleging a violation of his civil rights under 42 U.S.C. § 1983 based on the defendants' alleged failure to provide medical care and the absence or violation of policies designed to protect prison medical workers from the usual workplace hazards associated with medical waste. Before that, he filed a series of grievances, as discussed by Judge Hluchaniuk in his report.

Defendants Burt, Ocwieja, and Caruso filed a motion for summary judgment alleging that 1) the plaintiff failed to exhaust administrative remedies; 2) the evidence shows that the defendants' response to the plaintiff's medical emergency was adequate, so no deliberate indifference can be established; 3) these defendants were not personally involved; and 4) they are entitled to qualified immunity. Judge Hluchaniuk rejected all of these arguments. These defendants now object on three grounds: 1) the magistrate judge erred by concluding that administrative remedies were exhausted as to these defendants; 2) the magistrate judge incorrectly determined that these defendants may be subjected to liability for failure to maintain an appropriate medical policy; and 3) that the magistrate judge incorrectly held that the defendants are not entitled to qualified immunity.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection

requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotes omitted).

A.

The defendants first object on the grounds that the magistrate judge erred by concluding that the plaintiff's grievance exhausted his claims against the defendants because the plaintiff failed to name Caruso, Ocwieja, and Burt. Naming is a specific requirement of the grievance policy, they say. Moreover, these defendants believe that they did not have any notice of the grievance because they were not named. They note that defendant Ocwieja submitted an affidavit where he states that he lacked notice because the grievance was treated as a complaint about inadequate health care, and so was responded to by health care staff.

The defendants seek to distinguish the cases cited by the magistrate judge, which hold that at times, the plaintiff's failure to specifically name individuals may be excused if he is unable to learn their identities. They contend that in each of those cases, the plaintiff had some barrier to learning the true identities of the defendants. However, this is not true in this case, as "it cannot be believed" that the plaintiff was unable to learn who was the warden of the facility and director of MDOC Obj. at 6.

The Prison Litigation Reform Act prohibits the filing of lawsuits alleging a violation of federal law "with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, ---, 127 S. Ct. 910, 923 (2007). "[E]xhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 923. Prior to 2007, the Sixth Circuit required the plaintiff to name each defendant in his or her grievances. *See, e.g.*, *Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). However, this rule was abrogated by the Supreme Court in *Jones v. Bock*. *Okoro v. Hemingway*, 481 F.3d 873, 874 (6th Cir. 2007). Now, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim." *Jones*, 127 S. Ct. at 923.

The failure to exhaust is an affirmative defense that must be proved by the defendant. *Id.* at 919; *Kramer v. Wilkinson*, 226 F. App'x 461, 462 (6th Cir. Mar. 21, 2007) (holding that failure to exhaust "may serve as a basis for dismissal only if raised and proven by the defendants."). If a prisoner presents both exhausted and unexhausted claims, the Court may proceed to consider the exhausted claims. *Jones*, 127 S. Ct. at 924.

At the time of the incident, the Michigan Department of Corrections had a policy directive applicable to prisoners who wish to grieve actions taken against them or complain about prison conditions:

> In an effort to resolve grievable issues as soon as possible, prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control. If the complaint is not resolved, the grievant may file a Step I grievance.

PD 03.02.130(R) (12/19/03). Step I must be filed "[w]ithin five business days after attempting to resolve a grievable issue with staff." PD 03.02.130(X). The grievance must specify "[d]ates, times, places[,] and names of all those involved." PD 03.02.130(T). If the grievance is not acted upon within the time limits, the prisoner may appeal within ten days of the expiration of the deadline. PD 03.02.130(V). If there is a response with which the prisoner is unsatisfied, he may appeal to the Step II Grievance Coordinator. PD 03.02.130(DD). Step I and Step II grievances are decided by specially designated staff members. PD 03.02.130(P). If the prisoner is still unsatisfied, he may appeal to Step III, where his grievance is sent to the Prisoner Affairs Section. PD 03.02.130(HH).

At least one district court in this state has interpreted PD 03.02.130(T) not to require that all defendants be named. *Rickman v. Michigan Dept. of Corrections*, 2008 WL 907469, at *7 (W.D. Mich. Mar. 31, 2008) (Greely, M.J.) (dicta). Other cases have required that the grievance put the defendants on notice that they are being grieved, such as by describing an employee or an event. *Langton v. Combalecer*, 2008 WL 896062, at *3 (Mar. 31, 2008) (Hood, J.) (holding that "sufficient notice" of claims from an Internal Affairs investigation was adequate for exhaustion); *Contor v. Caruso*, 2008 WL 878665, at *3 (W.D. Mich. Mar. 28, 2008) (Miles, J.) ("Plaintiff had properly exhausted his claim against Defendant Ivens even though he did not specifically name him in the

grievance because his grievance sufficiently put prison officials on notice of his claim against a Correctional Medical Services' employee."); *Stevenson v. Michigan Dept. of Corrections*, 2008 WL 623783, at *2 (W.D. Mich. Mar. 4, 2008) (Jonker, J.) (holding that grievance exhausted against all medical defendants when it listed several health care staff by name "and all those equally involved"); *Raub v. Correctional Medical Services, Inc.*, 2008 WL 160611, at *3 (E.D. Mich. Jan. 15, 2008) (Duggan, J.) (holding that grievance properly exhausted against defendant against whom the grievance sought relief, even if not explicitly identified as the offending party); *Spearman v. Smith*, 2007 WL 2710097, at *4 (E.D. Mich. Aug. 31, 2007) (Morgan, M.J., adopted over objections by Friedman, C.J.); *c.f. Jones v. Snyder*, 2008 WL 786023, at *3 (W.D. Mich. Mar. 20, 2008) (Greely, M.J.) (holding that the plaintiff failed to exhaust claims where he both failed to identify defendant and failed to articulate his claim that the denial of a kosher meal was out of retaliation by that defendant). However, other courts have concluded otherwise. *Atkins v. Vadlamudi*, 2008 WL 1795023, at *7 (E.D. Mich. Mar. 18, 2008) (Whalen, M.J.) (adopted over objection but without discussion by Zatkoff, J.); *Fisher v. Pramstaller*, 2008 WL 2795813, at *4 (E.D. Mich. Feb. 15, 2008) (Whalen, M.J.) (adopted over objection by Battani, J.); *Cadogan v. Vittitow*, 2007 WL 2875464, at *3 (E.D. Mich. Sept. 30, 2007) (Hood, J.); *Edwards v. Burnett*, 2007 WL 1768770, at *2 (E.D.Mich. June 15, 2007) (Borman, J.).

The plaintiff filed a Step I grievance on October 18, 2006. Beneath the question "What attempt did you make to resolve this issue prior to writing this grievance?" the plaintiff wrote, "Dialysis staff." He then explains what happened:

> On 10/13/06 I was assigned as 1 or 2 dialysis porters. While working in dialysis I was injured during my collection of the waste materials used during the dialysis treatment. (stuck by a needle) On this date I attempted to empty the trash and was stuck by a needle. (10:30 pm) I reported this incident to c/o Hall (3rd Shift) and RN

> Alex Glover. Procedures require that needles not be placed in the common trash but rather placed in bio-needle containers for disposal.
>
> While I was treated at Foote Hospital, downtown Jackson, and prescribed antibiotics for 3 days, no follow up test have been ordered. Further, I am not aware of any investigation and/or critical incident report being written regarding this incident.
>
> I believe the dialysis unit is a guest of the MDOC and must follow all MDOC policvies [sic] and procedures while providing health care to prisoners. RELIEF Follow-up testing; developement [sic] of a needle disposure [sic] procedure; copy of the critical incident report; and no retaliation as a result of filing this grievance.

Def.'s Mot. for Summ J., Ex. 1.

This grievance was denied, and the plaintiff pursued the grievance through the remaining steps. The magistrate judge concluded that the plaintiff properly exhausted his claims against the defendants. The Court agrees. The weight of authority, including the cases cited by the magistrate judge and those cited above, recognize that failure to identify a person by name does not preclude exhaustion through the MDOC system, as long as the prisoner identifies a defendant based on the factual allegations.

The state defendants argue in their objections that they did not have notice of the plaintiff's grievance and that it was treated as a health care issue. This appears to be due to a misinterpretation of the plaintiff's grievance. The plaintiff plainly grieved two issues: lack of appropriate follow-up care *and* failure of the dialysis unit to comply with MDOC procedures regarding disposal of needles. As the magistrate judge concluded, this failure to follow MDOC procedures is a gripe that could easily be understood to be a complaint lodged against the state defendants charged with ensuring compliance with MDOC procedures. For example, in his Step III appeal, the plaintiff makes explicit what was implicit in his original grievance: "J.M.F. Should have taught this dialysis unit J.M.F. Operation Procedure and this would have never happen[e]d." Def.s' Mot., Ex. 1.

Moreover, there is nothing about a deliberate indifference claim that necessarily limits itself to health care staff. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (noting that a deliberate indifference case may lie when "prison guards . . . intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed"); *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 541 (6th Cir. 2008). More fundamentally, however, the defendants' reliance on "fair notice" of claims springs from *Thomas v. Woolum*, 337 F.3d 720, 734 (6th Cir. 2003). Consistent with its precedent, the Sixth Circuit in that case was apparently imposing exhaustion requirements beyond those in the prison's system. This is among the holdings repudiated in *Jones v. Bock*. Now, "[c]ompliance with prison grievance procedures, . . . is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

The defendants' first objection will be overruled.

B.

In their second objection, the defendants argue that the magistrate judge also erred by finding that the defendants had the requisite personal involvement to subject them to liability under section 1983. They believe that the plaintiff simply claims the defendants failed to have proper medical policies in place, and not that the defendants actually mishandled the plaintiff's case. "[T]he evidence shows" that the defendants did not fail to take appropriate corrective action, as the plaintiff was sent to the emergency room and evaluated. Def.s' Obj. at 7. Moreover, the defendants contend that the magistrate judge erred when he allowed the plaintiff's failure to train claim to go forward as that claim cannot be brought against individual defendants. *Caldwell v. Moore*, 968 F.2d 595, 600 (6th Cir. 1992). He relied on *Myers v. Potter*, 422 F.3d 347, 358 (6th Cir. 2008), which the

defendants assert, involved a failure to train claim against a municipality, not against individual defendants.

The Sixth Circuit has explained:

> [S]upervisor liability under § 1983 is appropriate when "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it," or "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Id.* Likewise, simple awareness of employees' misconduct does not lead to supervisor liability. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996).

*Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003). In *Taylor v. Michigan Dept. of Corrections*, 69 F.3d 76, 80 (6th Cir. 1995), the Sixth Circuit held that a supervisor who "failed to take reasonable steps to ensure that vulnerable inmates like plaintiff would not be transferred to a facility where a substantial risk of serious harm existed" when "it was his responsibility to implement procedures that would protect vulnerable inmates from dangerous transfers" could be held liable for a transfer deliberately indifferent to an inmate's safety. However, this case was later described by the Sixth Circuit as a case where it was "the *active performance* of the defendants' individual job function which directly resulted in their constitutional injury." *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) (emphasis in original).

The defendants' objections challenge the sufficiency of the plaintiff's evidence. As the magistrate judge correctly found, when the plaintiff states a claim, it is error for the Court to grant summary judgment prior to the plaintiff's opportunity to conduct discovery to obtain facts to support his position. *Myers v. Potter*, 422 F.3d 347, 358 (6th Cir. 2005).

The defendants' second objection will be overruled.

C.

Finally, the defendants object that the magistrate judge improperly rejected their qualified immunity defense "[b]ecause the Magistrate's conclusion regarding Defendants' supervisory liability was erroneous." Def.s' obj. at 8. They do not challenge the denial of qualified immunity on the merits of the plaintiff's deliberate indifference claim. Therefore, the Court may adopt the report and recommendation as to those issues. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (holding that the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

As to the balance of the qualified immunity analysis, the Court finds that the magistrate judge's report thoroughly discussed the record in the case, accurately articulated the governing law, fully addressed all the issues raised in that part of the defendants' motion for summary judgment, and reached the correct conclusion by applying sound reasoning. The Court sees no useful purpose in repeating the facts and controlling law, and doubts that it could improve on the magistrate judge's discussion of the issues.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #39] is **ADOPTED**.

It is further **ORDERED** that the defendants' objections to the magistrate judge's report and recommendation [dkt #40] are **OVERRULED**.

It is further **ORDERED** that the motion for summary judgment by defendants Burt, Ocwieja, and Caruso [dkt #21] is **DENIED**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Michael J. Hluchaniuk under the previous reference order [dkt #10] to conduct all pretrial matters and ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 636(c)(1).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 29, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 29, 2008.

s/Felicia M. Moses
FELICIA M. MOSES