UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDELL BINION,

        Plaintiff,

v.

        Case No. 07-13443
        Honorable David M. Lawson
        Magistrate Judge Michael J. Hluchaniuk

ALEX GLOVER, SHERRY BURT,
JOHN OCWIEJA, PATRICIA CARUSO,
DR. MIDDLEBROOK, and KIDNEY
REPLACEMENT SERVICES,

        Defendants.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, OVERRULING DEFENDANTS' OBJECTIONS
TO REPORT AND RECOMMENDATION, GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT,
AND WITHDRAWING ORDER OF REFERENCE**

The matter is before the Court on the objections by some of the defendants to the report and recommendation filed by Magistrate Judge Michael J. Hluchaniuk recommending that a second round of dispositive motions filed by all defendants be granted in part and denied in part. The Court entered a general order of reference to conduct all pretrial matters, after which two sets of defendants — Sherry Burt, John Ocwieja, Patricia Caruso (the MDOC defendants); and Alex Glover, Dr. Middlebrook, and Kidney Replacement Services (the KRS defendants) — filed their motions. Judge Hluchaniuk filed his report on February 23, 2010. Only the KRS defendants filed timely objections and supplemental objections. The matter is before the Court for a *de novo* review. The plaintiff has not objected to the report and recommendation, although the time for doing so has expired.

The facts of the case have been discussed thoroughly by the magistrate judge in two previous reports and by the Court in a previous opinion. The KRS defendants have not objected to the factual

recitations. For context, the case was brought by the plaintiff, a Michigan prisoner who was working as an orderly in the dialysis services center operated by defendant Kidney Replacement Services at the Southern Michigan Correctional Facility (JMF) in Jackson, Michigan. In October 2006, the plaintiff was emptying a waste paper basket when his arm was stuck with a dirty needle that had been improperly deposited there instead of in a biohazard waste disposal container. The plaintiff alleged that the needle was discarded improperly, he did not the receive medical attention that one might expect after exposure to biohazardous material, and the needle itself was never tested.

The plaintiff filed a complaint alleging a violation of his civil rights under 42 U.S.C. § 1983 based on the defendants' deliberate indifference to a substantial risk of harm in the prison workplace, the alleged failure to provide medical care, and the absence or violation of policies designed to protect prison medical workers from the usual workplace hazards associated with medical waste. The plaintiff contends these actions and inactions violated his rights under the Eighth Amendment. Before that, he filed a series of grievances, as discussed by Judge Hluchaniuk in his previous and current reports.

Before any discovery was conducted, the defendants filed motions for summary judgment based mainly on the complaint and the grievances. Judge Hluchaniuk recommended that those motions be denied, and the Court adopted the recommendation over objections by the MDOC defendants only. The present motions were filed after more information was gathered. Judge Hluchaniuk recommended that the motions should be granted as to all the MDOC defendants and Dr. Middlebrook in his individual capacity only and denied as to the remaining KRS defendants.

Judge Hluchaniuk characterized the plaintiff's theories of liability as falling into three categories: (1) the defendants engaged in a regular practice of improperly disposing of biohazardous

materials in the kidney dialysis unit that exposes prisoners working there, like the plaintiff, to an unreasonable risk of harm; (2) after the plaintiff's injury, department policy was not strictly followed in rendering post-exposure medical treatment to the plaintiff; and (3) the plaintiff was not provided adequate follow-up care for any possible diseases he could have contracted from the needle stick. Judge Hluchaniuk concluded that the first theory was directed at the KRS defendants, who operated the dialysis unit, and the last two theories were directed toward the MDOC defendants. After reviewing the evidence of post-exposure treatment and follow-up care actually provided to the plaintiff, and the absence of any contrary proof by the plaintiff, Judge Hluchaniuk suggested that summary judgment be granted to the MDOC defendants. The plaintiff has not objected to that recommendation, and it appears that the facts adduced would not permit a sound objection.

Judge Hluchaniuk also suggested that there was no evidence of Dr. Middlebrook's personal involvement, so the plaintiff failed to present sufficient facts to sustain a claim against him in his individual capacity. The magistrate judge recommended that Dr. Middlebrook's motion for summary judgment be granted as to that theory of liability, and the plaintiff has not objected to that recommendation either.

As for the KRS defendants, including Dr. Middlebrook in his official capacity, the magistrate judge observed that with the exception of the argument that Dr. Middlebrook was not on site at the time of the incident and therefore could not be personally liable, their own motion for summary judgment amounted to little more than a joinder in the MDOC's motion. The Court agrees. The KRS defendants did not address the main claim against them, which is that they engaged in a pattern or practice that deliberately exposed the prison workers in the dialysis unit to an unreasonable risk of harm in violation of the Eighth Amendment. Although defendant Glover purports to adopt the

MDOC defendants' arguments on qualified immunity, he makes no effort to develop that theory or demonstrate how it applies to him. For those reasons, Judge Hluchaniuk recommended that the KRS defendants' motion for summary judgment be denied, except as noted above.

The KRS defendants' objections and supplemental objections consist of a statement that the magistrate judge erred in finding that a fact issue exists concerning the issue of whether the defendants engaged in a pattern or practice of improperly disposing of biohazardous materials. The objections do not contain any argument or cite legal authority, but they are supported by an undated affidavit by Deon Middlebrook, presumably the named defendant, the physician who says he owns Kidney Replacement Services, and avers that he is aware of the procedures used in the unit and they comply with MDOC policy. Attached to the supplemental objections is an unsigned affidavit by defendant Alex Glover.

Objections to a report and recommendation dealing with the post-judgment motion for attorney's fees and costs are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be

clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

As noted above, the plaintiff has not filed objections, so the Court will adopt that portion of the recommendation that grants the motions for summary judgment by the MDOC defendants and Dr. Middlebrook in his individual capacity. The KRS defendants' objections do not address a finding actually made by the magistrate judge. These defendants contend in their objections that there is no factual issue presented, but the magistrate judge determined that the KRS defendants never challenged in their motion the plaintiff's theory of liability as to them, and defendant Glover never developed his qualified immunity argument. The objections are not responsive to the report and recommendation; instead they amount to no more than an anemic attempt to inject a new argument into the case, which they failed to raise when they had the opportunity to do so before the magistrate judge.

Courts generally will not consider arguments on review that were not raised before the magistrate judge. As the Sixth Circuit has explained in a similar circumstance:

> Petitioner did not raise this [new] claim in his initial § 2255 motion. Rather, it was first raised in his supplemental objections to the magistrate judge's final Report and Recommendation. The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421,

>1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc*., 747 F. Supp. 1299, 1302-03 (S.D. Ill. 1990). Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.

*Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) (stating that the Magistrate Judges Act was not intended "to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court"), *rev'd on other grounds, United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (en banc); *Jesselson v. Outlet Assocs. of Williamsburg Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) ("A magistrate's decision should not be disturbed on the basis of arguments not presented to him.").

Because the KRS defendants have not filed objections that address the issues relating to them in the latest report and recommendation, the Court will overrule the objections and adopt the magistrate judge's recommendation. It appears that pretrial proceedings are complete, so the Court will withdraw the reference and schedule the matter for trial.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #83] is **ADOPTED**.

It is further **ORDERED** that the KRS defendants' objections and supplemental objections to the magistrate judge's report and recommendation [dkt #90, 91] are **OVERRULED**.

It is further **ORDERED** that the motion for summary judgment by defendants Burt, Ocwieja, and Caruso [dkt #62] is **GRANTED**, and the complaint as to them is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the motion for summary judgment by defendant Dr. Middlebrook [dkt #63] is **GRANTED** as to claims against this defendant in his individual capacity, only, and that claim in the complaint as to him in that capacity is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the motion for summary judgment by the KRS defendants [dkt #63] is **DENIED** in all other respects.

It is further **ORDERED** that the previous order of reference to conduct all pretrial matters [dkt #10] is **WITHDRAWN**.

It is further **ORDERED** that counsel for the parties shall appear before this Court **on September 22, 2010 at 12:30 p.m.** for a status conference to select a trial date.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 2, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 2, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO